IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 25-cv-01083-CNS

SCOT LEE STOCKWELL,

    Applicant,

v.

VIRGIL ENSEY, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

**ORDER ON AMENDED APPLICATION FOR WRIT OF HABEAS CORPUS**

---

This matter is before the Court on the Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Amended Application), ECF No. 10, filed *pro se* by Applicant, Scot Lee Stockwell, on June 9, 2025. Respondents have filed an Answer, ECF No. 26, and Mr. Stockwell has filed a Reply, ECF No. 27.

The Court must construe the Amended Application and other papers filed by Mr. Stockwell liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, the Court concludes the Amended Application should be denied.

    **I.**    **SUMMARY FOR PRO SE PLAINTIFF**

You have filed an application for a writ of habeas corpus. The Court denies your

1

application. Even liberally construing your claims, your Fourteenth Amendment claims are procedurally barred because you did not exhaust your administrative remedies, as the law requires. As to your Sixth Amendment claims, you have not met your burden of showing that plea counsel was ineffective, particularly your burden of showing that counsel's performance prejudiced you.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Mr. Stockwell is a parolee in custody of the Colorado Department of Corrections. He challenges the validity of his conviction and sentence in Weld County District Court case number 17CR2255. On appeal from the denial of the last motion in a series of state court postconviction motions, the Colorado Court of Appeals described the factual and procedural background as follows:

> In 2017, Stockwell was charged with unlawful sexual contact, sexual exploitation of a child, and contributing to the delinquency of a minor related to conduct involving two minor victims in Larimer County. When another minor victim came forward in Weld County, he was charged with two counts of unlawful sexual contact and two counts of sexual exploitation of a child in [the Weld County case].
>
> On April 30, 2018, Stockwell entered into a global plea agreement to resolve the charges in both cases. In this case (Weld County), he pleaded guilty to one count of sexual exploitation of a child, and the remaining charges were dismissed. The court accepted the agreement and sentenced Stockwell to twelve years in the custody of the Department of Corrections.
>
> On October 5, 2018, Stockwell filed his first Crim. P. 35(c) motion for postconviction relief. Although Stockwell completed and filed the required form to petition for postconviction relief, he failed to include an attachment detailing his claims. The postconviction court denied the motion as deficient but allowed Stockwell to correct it.
>
> Stockwell filed a revised motion containing a short list of phrases. The postconviction court again denied the motion for failing to state adequate grounds for relief, finding that Stockwell's motion remained

"devoid of specific facts and details regarding his claims."

Stockwell appealed the postconviction court's order, but shortly thereafter he filed a motion to dismiss the appeal that was granted.

On April 2, 2019, Stockwell filed a second motion for postconviction relief that included a two-page list of short phrases. The postconviction court once again denied Stockwell's motion, finding that he had not provided "any meaningful details that elaborate on the grounds set forth [in his motion]."

Stockwell appealed the postconviction court's denial of his motion. A division of this court affirmed. *People v. Stockwell*, (Colo. App. No. 19CA1291, Mar. 24, 2022) (not published pursuant to C.A.R. 35(e)). The only claim advanced on appeal was that plea counsel had failed to properly investigate the case and to provide Stockwell with access to discovery, thereby allowing the prosecution to mistakenly use photos and information about one victim to support the charges as to a different victim. *Id.* at ¶ 10. The division deemed the motion's remaining claims abandoned. *Id.* Moreover, the division agreed with the postconviction court's conclusion that Stockwell's allegations were too bare and conclusory to support a claim for relief. *Id.* at ¶ 12.

On May 24, 2022, Stockwell filed his third motion for postconviction relief. He claimed there were discrepancies between two reports and again alleged a mix-up of a photograph of one victim being attributed to another. The postconviction court denied Stockwell's motion, concluding that his claim was successive because he had raised the same issues in the April 2019 motion. Stockwell did not appeal this ruling.

Finally, on June 26, 2023, Stockwell filed the motion for postconviction relief at issue here. Couching them as ineffective assistance of counsel claims, he alleged that (1) a police report contained a false statement concerning the identity of the party who introduced Stockwell to one of the victims; (2) an incorrect cell phone number was listed in the search warrant affidavit, thereby rendering the search of his phone illegal; and (3) evidence withheld from him by his attorneys resulted in photos of one victim being incorrectly attributed to another victim.

The postconviction court also denied this motion. It addressed and denied Stockwell's first and second contentions on the merits. It denied Stockwell's third claim as successive and also on the merits.

Stockwell contends that the postconviction court erred when it denied his claims. We conclude that Stockwell's claims are time barred and

successive and, therefore, affirm the postconviction court's order.

ECF No. 20-4 at 2–5 (paragraph numbering omitted; second set of brackets in original).

### III. CLAIMS PRESENTED AND ANALYSIS

Construed liberally, Mr. Stockwell contends in the Amended Application that his Sixth Amendment rights were violated because plea counsel was ineffective. He also asserts that plea counsel's actions violated his rights to due process and equal protection under the Fourteenth Amendment.[1]

Mr. Stockwell's ineffective assistance of counsel claim is premised on what he contends are critical factual discrepancies found in various reports in the state court case files. Mr. Stockwell asserts plea counsel's performance was deficient because counsel did not "catch the multiple discrepancies," "didn't catch the fact that fabricated evidence was being used against [him]," and "failed to bring these multiple discrepancies that created this harmful and plain error and the fabricated evidence to the court's attention." ECF No. 10 at 12–13. More specifically, he alleges that counsel:

> didn't catch the fact that two different people are being described in the police reports and the incident report; these two people share the same first name and the first initial of their last names. She also didn't catch the fact that the person in the police reports didn't return the officer's request for contact. She didn't catch the fact that the person in the incident report states I took pictures of him using a camera but no pictures were found on any of the compact flash memory cards that were seized with my camera the day of the search, never stated he sent pictures to me through Facebook messenger where these pictures were found, and never confirmed whether or not the pictures being used against me are actually of the person in the incident report.

---

[1] However, counsel's alleged ineffectiveness is properly considered in the context of the Sixth Amendment right to counsel.

ECF No. 10 at 12–13. Mr. Stockwell contends he was prejudiced by plea counsel's ineffectiveness "because had she done her duty to properly review all the information being presented by the prosecution she would have found these multiple discrepancies . . . and stopped this train wreck of a case before I accepted a plea deal full of constitutional violations." *Id.* at 13. He also alleges that, if plea counsel had discovered the discrepancies and brought them to the attention of the trial court, he could have confronted the victim with the discrepancies and he could have brought "to the court's attention the fact that the individual in the incident report claims pictures were taken of him using a camera but no pictures were found on the compact memory flash cards that were seized with my camera which negates [his] guilt." *Id.* at 14–15.

In his reply to Respondents' Answer, Mr. Stockwell indicates he is asserting three specific claims for relief:

> 1) Amendment VI, effective assistance of counsel for allowing this fabricated evidence to be presented and used against me without allowing me to see these pictures and not allowing me to confront this alleged victim concerning the discrepancies and errors in the police reports and the incident report and allowing me to confront the alleged victim about these pictures.
>
> 2) Amendment XIV equal protection of the laws if my assigned public defender from the Weld County Public Defender's Office caught fabricated evidence in another case similar to mine and brought that fabricated evidence to the attention of the Weld County District Court for the court to make a ruling.
>
> 3) Amendment XIV due process of law for allowing the fabricated evidence to be used against me to deprive me of my liberty.

ECF No. 27 at 5–6.

### A. Fourteenth Amendment Claims

As noted above, Mr. Stockwell's claims that his rights to equal protection and due process were violated by plea counsel are properly considered in the context of the Sixth Amendment right to counsel. To the extent Mr. Stockwell may be asserting new claims in his reply contending that his rights to equal protection and due process under the Fourteenth Amendment were violated that are separate and distinct from any ineffective assistance of counsel claim, such as a claim that his guilty plea was coerced by the use of fabricated evidence, *see* ECF No. 27 at 6–7, the claims are not properly before the Court for two reasons. First, Mr. Stockwell may not raise a new claim in his reply to Respondents' Answer. *See United States v. Harrell*, 642 F.3d 907, 918 (10th Cir. 2011) ("[A]rguments raised for the first time in a reply brief are generally deemed waived."). Second, as discussed further below, the record before the Court demonstrates both that Mr. Stockwell has not exhausted state remedies for any due process or equal protection claims, and thus that the claims are procedurally barred.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack."

6

*Dever*, 36 F.3d at 1534.

"The exhaustion requirement is not one to be overlooked lightly" and "[p]rinciples of comity and federalism demand that the requirement be strictly enforced." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995) (citation modified). A state prisoner bringing a federal habeas corpus action bears the burden of showing he has exhausted all available state remedies for each particular claim. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Here, Mr. Stockwell fails to demonstrate he has exhausted state remedies for any claims other than his Sixth Amendment ineffective assistance of plea counsel claim. As discussed above, Mr. Stockwell appealed to the Colorado Court of Appeals from the denial of three separate postconviction motions, the first of which he later dismissed voluntarily. Therefore, the only claims that arguably are exhausted are the claims Mr. Stockwell fairly presented to the Colorado Court of Appeals in the second and third appeals.

In the second appeal, decided on March 24, 2022, the Colorado Court of Appeals indicated Mr. Stockwell's "sole argument" concerned the sufficiency of his "ineffective assistance claims relating to his plea counsel's failure to properly investigate the case and failure to provide him access to discovery prior to his plea." ECF No. 20-2 at 6. Mr. Stockwell fails to demonstrate he fairly presented to the Colorado Court of Appeals any Fourteenth Amendment claims asserting violations of his rights to due process or equal protection in the second appeal. And a review of Mr. Stockwell's opening brief to the Colorado Court of Appeals reveals that he did not fairly present any Fourteenth

Amendment claims asserting violations of his rights to due process or equal protection in that appeal. *See* ECF No. 26-1 at 1–27.

Mr. Stockwell also fails to demonstrate he raised any due process or equal protection claims in his postconviction motion that were the subject of his third appeal decided on October 31, 2024. *See* ECF No. 20-4 at 4–5 ("Finally, on June 26, 2023, Stockwell filed the motion for postconviction relief at issue here. Couching them as ineffective assistance of counsel claims, he alleged . . . .") Furthermore, even assuming, as Mr. Stockwell apparently contends, that he raised due process and equal protection claims in the postconviction motion filed on June 26, 2023, the record before the Court demonstrates the claims were not raised in his opening brief on appeal to the Colorado Court of Appeals. *See* ECF No. 26-1 at 107–33. Additionally, whatever claims Mr. Stockwell raised on appeal were not fairly presented because the Colorado Court of Appeals determined the claims were both time-barred and successive. *See* 20-4 at 5.

The Court does not "review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Even if an unexhausted claim has not actually been raised and rejected by the state courts, the claim is subject to an anticipatory procedural default if it is clear that the claim would be rejected because of an independent and adequate state procedural rule. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision." *English v. Cody*, 146 F.3d 1257,

1259 (10th Cir. 1998). And a state procedural ground is adequate if it "was firmly established and regularly followed." *Beard v. Kindler*, 558 U.S. 53, 60 (2009) (citation modified).

Colorado's rule prohibiting successive postconviction claims is an independent and adequate state procedural ground. *See, e.g., People v. Vondra*, 240 P.3d 493, 494–95 (Colo. App. 2010) (applying Crim. P. Rules 35(c)(3)(VI) and (VII) to reject claims that were or could have been raised in a prior proceeding); *see also LeBere v. Abbott*, 732 F.3d 1224, 1233 n.13 (10th Cir. 2013) (noting that several unpublished cases have indicated Colorado's rule barring claims that could have been raised previously is an independent and adequate state ground precluding federal habeas review). Likewise, Colorado's statute of limitations for collateral attacks also is an independent and adequate state procedural ground. *See Klein v. Neal*, 45 F.3d 1395, 1398 (10th Cir. 1995).

Mr. Stockwell presents no reasoned argument that any due process and equal protection claims he may be asserting are not successive and untimely. Therefore, to the extent Mr. Stockwell may be raising in this action a due process or equal protection claim under the Fourteenth Amendment that is separate and distinct from the ineffective assistance of plea counsel claim, the due process and equal protection claims are procedurally defaulted and cannot be considered unless he demonstrates cause and prejudice or a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750.

To demonstrate cause for his procedural default, Mr. Stockwell must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that

constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]." *McCleskey v. Zant*, 499 U.S. 467, 493–94 (1991) (citation modified). If Mr. Stockwell can demonstrate cause, he also must show "actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750. And a fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. Mr. Stockwell's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice to overcome a procedural default. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Mr. Stockwell makes no argument to demonstrate cause and prejudice to overcome his procedural default of the unexhausted claims, and he fails to present any argument that demonstrates a failure to consider the merits of the defaulted claims will result in a fundamental miscarriage of justice. Therefore, the Court finds that the due process and equal protection claims are procedurally barred. As a result, the only claim properly before the Court is Mr. Stockwell's Sixth Amendment claim that plea counsel was ineffective. Respondents concede that the Sixth Amendment ineffective assistance of plea counsel claim was decided on the merits in state court.

### B. Sixth Amendment Claims

#### 1. Legal Standard for Sixth Amendment Claims

28 U.S.C. § 2254(d) provides that a writ of habeas corpus may not be issued with

respect to a claim that was adjudicated on the merits in state court unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Mr. Stockwell bears the burden of proof under § 2254(d). *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

The Court's inquiry is straightforward "when the last state court to decide a prisoner's federal claim explains its decision on the merits in a reasoned opinion." *Wilson v. Sellers*, 584 U.S. 122, 125 (2018). "In that case, a federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Id.*

The threshold question the Court must answer under § 2254(d)(1) is whether Mr. Stockwell seeks to apply a rule of law that was clearly established by the Supreme Court at the time the state court adjudicated the claim on its merits. *Greene v. Fisher*, 565 U.S. 34, 38 (2011). Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). If there is no clearly established federal law, that is the end of the Court's inquiry pursuant to § 2254(d)(1). *See House v. Hatch*, 527 F.3d 1010, 1018 (10th Cir. 2008).

A state court decision is contrary to clearly established federal law if the state court either applies a rule that contradicts governing Supreme Court law or decides a case

differently than the Supreme Court on materially indistinguishable facts. *See House*, 527 F.3d at 1018. "A state court decision involves an unreasonable application of clearly established federal law when it identifies the correct governing legal rule from Supreme Court cases, but unreasonably applies it to the facts." *Id.* A decision is objectively unreasonable "only if all fairminded jurists would agree that the state court got it wrong." *Stouffer v. Trammel*, 738 F.3d 1205, 1221 (10th Cir. 2013) (citation modified). Furthermore,

> [e]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations. It is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by [the Supreme] Court.

*Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citation modified). In conducting this analysis, the Court "must determine what arguments or theories supported or . . . could have supported[] the state court's decision" and then "ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id.* at 102.

Under this standard, "only the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254." *Maynard v. Boone*, 468 F.3d 665, 671 (10th Cir. 2006); *see also Richter*, 562 U.S. at 102 (stating "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable").

> As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Richter*, 562 U.S. at 103. Notably, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen*, 563 U.S. at 181.

Section 2254(d)(2) allows the Court to grant a writ of habeas corpus only if the relevant state court decision was based on an unreasonable determination of the facts in light of the evidence presented to the state court. The Court must presume the state court's factual determinations are correct and Mr. Stockwell bears the burden of rebutting the presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). The presumption of correctness applies to factual findings of the trial court as well as state appellate courts. *See Al-Yousif v. Trani*, 779 F.3d 1173, 1181 (10th Cir. 2015). The presumption of correctness also applies to implicit factual findings. *See Ellis v. Raemisch*, 872 F.3d 1064, 1071 n.2 (10th Cir. 2017). "But if the petitioner can show that the state courts plainly misapprehended or misstated the record in making their findings, and the misapprehension goes to a material factual issue that is central to petitioner's claim, that misapprehension can fatally undermine the fact-finding process, rendering the resulting factual finding unreasonable." *Smith v. Duckworth*, 824 F.3d 1233, 1241 (10th Cir. 2016) (citation modified).

### 2. Analysis of Ineffective Assistance of Counsel Claim

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." The Sixth Amendment right to effective assistance of counsel extends to the plea bargaining process. *Lafler v. Cooper*, 566 U.S. 156, 162 (2012).

To establish counsel was ineffective Mr. Stockwell must demonstrate both that

counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance resulted in prejudice to his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). If Mr. Stockwell fails to satisfy either prong of the *Strickland* test, the ineffective assistance of counsel claim must be dismissed. *See id.* at 697.

"Judicial scrutiny of counsel's performance must be highly deferential." *Id*. at 689. There is "a strong presumption" that counsel's performance falls within the range of "reasonable professional assistance." *Id*. It is Mr. Stockwell's burden to overcome this presumption by showing that the alleged errors were not sound strategy under the circumstances. *See id*.

In the context of federal habeas corpus review under § 2254(d), a state prisoner "faces an even greater challenge." *Harmon*, 936 F.3d at 1058. "When assessing a state prisoner's ineffective-assistance-of-counsel claims on habeas review, [federal courts] defer to the state court's determination that counsel's performance was not deficient and, further, defer to the attorney's decision in how to best represent a client." *Id.* (citation modified). Thus, review under § 2254(d) is doubly deferential. *See id.* Additionally,

> [f]ederal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether *any* reasonable argument exists that counsel satisfied *Strickland's* deferential standard. And because the *Strickland* standard is a general standard, a state court has . . . more latitude to reasonably determine that a defendant has *not* satisfied that standard.

*Id.* (citation modified).

Under the prejudice prong Mr. Stockwell must establish "a reasonable probability

that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*; *see also Richter*, 562 U.S. at 112 (stating that "[t]he likelihood of a different result must be substantial, not just conceivable."). In the context of a guilty plea, prejudice under *Strickland* means a reasonable probability that, but for the challenged conduct, the defendant "would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). To determine whether Mr. Stockwell has established prejudice, the Court must look at the totality of the evidence and not just the evidence that is helpful to the defense. *See Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999).

On March 24, 2022, the Colorado Court of Appeals addressed the merits of the ineffective assistance of counsel claim Mr. Stockwell raised on appeal from the summary denial of his second postconviction Rule 35(c) motion. According to Mr. Stockwell, however, this is not the correct decision to review. Instead, Mr. Stockwell maintains that his ineffective assistance of counsel arguments were better or more fully developed in his fourth state court postconviction motion filed on June 26, 2023, which was the subject of his third appeal decided by the Colorado Court of Appeals on October 31, 2024. But, as discussed above, the Colorado Court of Appeals did not address the merits of Mr. Stockwell's claims in the third appeal that was decided on October 31, 2024. Instead, on October 31, 2024, the Colorado Court of Appeals affirmed the denial of Mr. Stockwell's fourth postconviction motion because his claims were both time-barred and successive. *See* ECF No. 20-4. Therefore, the Court looks to the state court's decision on March 24,

2022. In that decision, the Colorado Court of Appeals described Mr. Stockwell's claims as follows:

> As his sole argument on appeal, Stockwell contends that the postconviction court erred by summarily denying his Rule 35(c) motion. Specifically, he contends that he sufficiently alleges ineffective assistance claims relating to his plea counsel's failure to properly investigate the case and failure to provide him access to discovery prior to his plea. Both claims are premised on the theory that the prosecution mistakenly used photos and information regarding a different victim (J.D-H.) to support the charges regarding the victim in this case (J.H.). He argues that, had his plea counsel conducted an adequate investigation or shared the discovery with him, this mistake could've been uncovered. Thus, he argues, he sufficiently alleges two ineffective assistance claims and is entitled to a hearing on those claims.

ECF No. 20-2 at 6.

The Colorado Court of Appeals rejected Mr. Stockwell's arguments for several reasons. First, the claims Mr. Stockwell presented in his Rule 35(c) motion were "too bare and conclusory to support a claim for relief." *Id.* at 7. Second, even when the appellate court considered Mr. Stockwell's additional factual allegations presented in a separate letter submitted to the trial court with his notice of appeal, the allegations were without merit and did not warrant relief. *See id.* at 9–11. Third, the state court determined Mr. Stockwell failed to allege or demonstrate prejudice under *Strickland*, explaining as follows:

> Stockwell doesn't allege, either in his motion or in his later letter, that, but for plea counsel's ineffective assistance, he would've rejected the plea offer and insisted on going to trial. But that's what he would've had to prove to establish prejudice under the two-pronged *Strickland* test. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (to prevail on an ineffective assistance claim, a defendant most prove both (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense); *People v. Sifuentes*, 2017 COA 48M, ¶ 20 ("In the context of a guilty plea, the prejudice prong requires the defendant to 'show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

> Nor does Stockwell allege facts that might establish that "a decision to reject the plea bargain would have been rational under the circumstances." *Id.* (quoting *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010)). The charges in this case were based on detailed allegations of sexual misconduct spanning a period of a few years. If he had proceeded to trial, Stockwell would've faced charges of two class 4 felonies and two class 3 felonies, rather than just the one class 3 felony to which he pleaded guilty. Because his global plea agreement addressed the Larimer County case as well, he would also have faced additional charges of four class 4 felonies and one class 5 felony, as compared to the one class 4 felony to which he pleaded guilty in that case. And, because the charges in the two cases involved three victims over a period of several years, the sentences could've run consecutively and led to a significantly longer DOC sentence than the one he received. Thus, "the plea agreement provided substantial benefits to [Stockwell]," and he hasn't alleged "a reasonable probability that a defendant in his position would have insisted on trial." *People v. Corson*, 2016 CO 33, ¶¶ 42-43.

*Id.* at 11–13.

Mr. Stockwell fails to demonstrate he is entitled to relief under the "contrary to" clause of § 2254(d)(1). That is, he does not cite any contradictory governing law set forth in Supreme Court cases or any materially indistinguishable Supreme Court decision that would compel a different result. *See House*, 527 F.3d at 1018.

Mr. Stockwell also fails to demonstrate the state court decision is based on an unreasonable determination of the facts in light of the evidence presented under § 2254(d)(2).

Finally, Mr. Stockwell is not entitled to relief under the "unreasonable application" clause of § 2254(d)(1). In short, conclusory allegations that counsel was ineffective and that he suffered prejudice are not sufficient to warrant habeas corpus relief. *See Byrd v. Workman*, 645 F.3d 1159, 1168 (10th Cir. 2011) (stating "mere speculation is not sufficient" to demonstrate prejudice under *Strickland*); *see also Weatherall v. Sloan*, 415

F. App'x 846, 849 (10th Cir. 2011) ("We conclude that the Colorado Court of Appeals's decision was not contrary to or an unreasonable application of federal law because [the applicant] made no more than vague and conclusory allegations to support his conspiracy claim."). Because Mr. Stockwell's allegations in state court were bare and conclusory, and he made no effort to demonstrate prejudice under *Strickland*, he fails to demonstrate the state court decision is so "lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103.

For these reasons, Mr. Stockwell is not entitled to relief with respect to his claim that plea counsel was ineffective.

## IV.  CONCLUSION

Consistent with the above analysis, it is ORDERED that the Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, ECF No. 10, is DENIED, and this action is DISMISSED WITH PREJUDICE. It is further ORDERED that there is no basis on which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

DATED October 17, 2025.

BY THE COURT:

Charlotte N. Sweeney
United States District Judge